The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NIZAMI AZIZOV, MIKHAIL LIVSHITS, AND PETER SPIVAK,

   Plaintiffs,

  v.

AMERICAN COMMERCIAL SECURITY SERVICES, INC., a California corporation,

   Defendant.

Case No. C05-1680RSL

PROTECTIVE ORDER

## PROTECTIVE ORDER

Pursuant to stipulation of counsel, and CR 26(c); it is hereby ORDERED, as follows:

1. Except as otherwise ordered by this Court, this Order shall apply to the use and disclosure of documents, interrogatories, testimony, information and pleadings produced, given or filed in this action that are designated by a party as "CONFIDENTIAL" in accordance with the terms hereof.

2. Any party may designate as "CONFIDENTIAL" pursuant to the terms of this Order:

  (a) Information contained in a document, answer to interrogatory, answer to request for admission, response to request for production of documents or other writing may be designated by stamping or otherwise marking (in such a manner as will not interfere with the legibility of the document) the

PROTECTIVE ORDER
(C05-1680RSL) - 1

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
telephone (206) 676-7000
fax (206) 676-7001

first page of the document containing confidential information with an appropriate notation substantially in the form:

**"CONFIDENTIAL"**

Unless a party intends to designate all of the information contained within the document as "CONFIDENTIAL," the party should indicate in a clear fashion that portion of the document which the party intends to designate as containing "CONFIDENTIAL" information.  In any written discovery response, the supplying party shall note on the cover page of the document that all or a portion of the document contains "CONFIDENTIAL" information designated pursuant to this Order.

(b)  Information contained or revealed in a deposition whether in a question, answer or exhibit, may be designated by noting a claim of confidentiality pursuant to this Order on the record at the time of the depositions, whenever reasonably possible.  The confidential portion shall be identified as such in the caption or title of the transcript and on each page, as CONFIDENTIAL.  The claimant of confidentiality or the person obligated to maintain and protect confidentiality under this Order shall, on the record, advise all persons present at the deposition that the information is confidential and is subject to a Protective Order governing its use.  Before the disclosure of previously designated CONFIDENTIAL information in a deposition, all persons who have not theretofore been made subject to this Order shall be given a copy of this Order and shall acknowledge on the record of such deposition that he or she has read the Order and agrees to be bound by its terms.  When the claim of confidentiality is not made in advance of disclosure or at the time of the deposition, it may be made within a reasonable time thereafter, at which point the designated material shall be accorded confidential treatment pursuant to this Order and counsel

PROTECTIVE ORDER
(C05-1680RSL) - 2

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
telephone (206) 676-7000
fax (206) 676-7001

for the party making the claim of confidentiality shall ensure that the preceding provisions of this subparagraph concerning the transcription and identification of confidential material are complied with.

3. The following types of information, if discoverable because such information is necessary or essential to any claims or defenses in the action, shall be regarded as "Confidential Information" if designated by a party as pursuant to the terms of this Order:

(a) To the extent discoverable, non-public information about security services of ACSS's customers, as well as any other information about such customers or clients, including an analysis of their security needs and ACSS's plans and efforts to meet them;

(b) To the extent discoverable, any confidential business methods, systems, or procedures used by ACSS in the management and operation of its business, including any proprietary information, methods, systems, know—how, or trade secrets.

(c) To the extent discoverable, any information about, concerning, or pertaining to ACSS's business plans, assessment of the market, its competition, its plans or strategies for meeting competition, its prospective clients or customers, its marketing or advertising plans, or any budget or other information about its current, or planned or expected revenue, pricing policies, or costs of operation.

(d) To the extent discoverable, personnel records regarding ACCS employees who are not parties to this action;

(e) "Protected health information" of the Plaintiffs, as that term is defined in 45 CFR § 160.103; and

(f) Plaintiffs' personal financial records.

4. Information, documents or materials produced or made available through preparation and litigation of this case and marked as "CONFIDENTIAL" shall be used solely

PROTECTIVE ORDER
(C05-1680RSL) - 3

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
telephone (206) 676-7000
fax (206) 676-7001

1  and exclusively for purposes of this case.  Such Confidential Information shall not be used in or
2  for other cases, proceedings, or disputes, or for any personal, commercial, business, competitive,
3  or other purpose whatever.

4      5.    It is the responsibility of counsel for each party to this action to maintain materials
5  containing Confidential Information obtained from a party in a secure and appropriate manner so
6  as to allow access to Confidential Information only to such persons as permitted pursuant to
7  Paragraphs 7 and 8 of this Order.

8      6.    To the extent that a party to this action seeks to file with the Court Confidential
9  Information, the party shall first notify the other party of the specific materials containing
10 Confidential Information to be filed and give the party a reasonable opportunity to seek a court
11 order to seal or redact specified materials.

12     7.    Except with the prior written consent of the party asserting confidential treatment
13 or prior order of Court, after notice as provided hereunder, any Confidential Information, and
14 any information contained in, or derived from, any such information, may not be disclosed other
15 than in accordance with this Order and may not be disclosed to any person other than:

    (a)    The parties, and counsel for the parties, including in-house counsel or other counsel in which the communication is privileged.  Counsel, as used in this Order, shall include partners, associates, paralegals, and secretarial and clerical employees of such counsel who have a need to know Confidential Information for purposes of this litigation only, and who shall be required to abide by the terms of this Order.

    (b)    Bona fide independent experts who are not regularly employed by a party in this litigation and who have agreed to be bound by the terms of this Order.

    (c)    The Court and Court personnel under such safeguards as the Court may direct so as to preserve and protect the confidentiality of information designated by any party and to prevent harm to any party.

PROTECTIVE ORDER
(C05-1680RSL) - 4

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
telephone (206) 676-7000
fax (206) 676-7001

(d) Any deposition or trial witnesses and their counsel of record, but only to the extent that such Confidential Information was written by or to such witness, refers to such witness or his or her employer, or where counsel believes in good faith that disclosure is necessary in connection with the examination or preparation of such witnesses.

ALL PERSONS TO WHOM CONFIDENTIAL INFORMATION AND/OR DOCUMENTS ARE DISCLOSED ARE HEREBY ENJOINED from using same except in the preparation for trial and trial of this action (under such safeguards as the Court may require) and from disclosing same to any other person except as provided herein.  No person receiving or reviewing such Confidential Information shall disclose it or its contents to any person other than those described in this paragraph and for the purposes specified and in no event shall such person make any other use of such document or transcript.

8. If a producing party desires to obtain confidentiality protections other than those provided by this Order, then the parties shall proceed in accordance with Paragraphs 9 or 10 of this Order and the subject information shall be produced in accordance with the Order of Court resulting from such procedures.

9. Any party shall be free to move to modify this Order.

10. Any party who wishes to challenge another party's designation of information as "CONFIDENTIAL" may file an appropriate motion with the Court pursuant to the Local Civil Rules.

11. A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto.

12. Within sixty (60) days after the conclusion of this case, including any appellate proceedings, all materials designated as CONFIDENTIAL (including copies, notes and memoranda thereof) shall be destroyed or returned to the producing party, at the election of, and expense of, the opposing party.

PROTECTIVE ORDER
(C05-1680RSL) - 5

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
telephone (206) 676-7000
fax (206) 676-7001

13. The inadvertent or unintentional disclosure of Confidential Information shall not be construed to be a waiver, in whole or in part, of:

    (a) The supplying party's claims of confidentiality either as to the specific information disclosed or as to any other information relating thereto;

    (b) The obtaining party claims of confidentiality for its information pursuant to this Order.

14. A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Court, as authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

15. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

16. The agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information is subject to discovery, or is admissible as evidence, in this case.  Designation of any information as subject to this Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

17. This Court retains jurisdiction, both before and after the entry of final judgment in this case, (unless it is later determined that the Court lacks jurisdiction over the case), whether by settlement or litigation to construe, enforce and amend the provisions of this order.  The treatment of confidential information to be introduced at trial shall be the subject of a later order.

18. This Order is entirely without prejudice to the rights of any nonparty to apply to the Court for any further protective order relating to any Confidential Information, or for an order permitting the disclosure of any Confidential Information.

PROTECTIVE ORDER
(C05-1680RSL) - 6

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
telephone (206) 676-7000
fax (206) 676-7001

DATED this 8th day of May, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

Presented by:

SUMMIT LAW GROUP PLLC
Attorneys for Defendant

By: /s/ Shannon E. Phillips
    Otto G. Klein, III, WSBA # 07061
    Shannon E. Phillips, WSBA # 25631

STERNBERG THOMPSON OKRENT & SCHER, PLLC
Attorneys for Plaintiff

By: /s/
    Terry Thomson, WSBA # 5378

PROTECTIVE ORDER
(C05-1680RSL) - 7

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
telephone (206) 676-7000
fax (206) 676-7001